IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RICHARD BAKER ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> and ) <br> ) <br> **UNITED STATES POSTAL** ) <br> **SERVICE,** ) <br> ) <br> **Defendants.** ) | Cause No.: <br><br> Division No.: |

## COMPLAINT

COMES NOW Plaintiff Richard Baker (hereinafter known as "Plaintiff"), by and through his undersigned counsel, R. Tyson Mutrux of Mutrux Firm LLC, and for his cause of action against Defendants United States of America and United States Postal Service states as follows:

### I.   INTRODUCTION

1. That this is an action against the Defendant United States of America and United States Postal Service (hereinafter known as "Defendant") under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence while operating a motor vehicle. These claims are asserted against the United States of America and United States Postal Service pursuant to the laws of the State of Missouri.

2. That the claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendants' negligence.

1

3.     That Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1*.

4.     This suit has been timely filed, in that Plaintiff timely served notice of their claim on Defendant United States of America and United States Postal Service, less than two years after the incident forming the basis of this suit.

## II. PARTIES, JURISDICTION AND VENUE

5.  Venue lies in this jurisdiction due to the fact that the cause of action arose in St. Louis County, State of Missouri.

6. That on or about December 21, 2020, at approximately 9:55 a.m., Plaintiff was operating a motor vehicle.

7. That at the date and time in question, Plaintiff was traveling in a generally east direction in a private parking lot on located at 4008 Bayless Avenue located in St. Louis County, State of Missouri.

9. That at the date and time in question, Defendants' employee was operating a motor vehicle.

10. That at the date and time in question, Defendants' was backing out of a parking space in the working lot located at 4008 Bayless Avenue.

11. That at the date and time in question, the vehicle operated by Plaintiff was in good working condition.

12. That at the date and time in question, Defendants' employee failed to keep a proper lookout and collided with Plaintiff's vehicle.

13. That at the date and time in question, the back of the vehicle operated by Defendants' employee came into contact with the passenger side of the vehicle operated by Plaintiff.

14. That the collision between the Defendants' employee and Plaintiff occurred in a private parking lot located a 4008 Bayless Avenue in St. Louis County, State of Missouri.

15. That Plaintiff did not have the chance to avoid the collision due to its sudden and unforeseeable nature.

16. That this Court has jurisdiction over the parties because certain claims herein arise under 28 U.S.C. §1346(b)(1).

17. That venue is proper in this Court pursuant to §28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of Missouri.

<u>**COUNT I**</u>
<u>**PLAINTIFF v. UNITED STATES OF AMERICA AND**</u>
<u>**UNITED STATE POSTAL SERVICE**</u>
<u>**(NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT**</u>
<u>**28 U.S.C. §2671, *et seq*)**</u>

COMES NOW Plaintiff and for Count I of their Complaint against Defendant states as follows:

18. That the injuries and the damages alleged by Plaintiff were directly and proximately caused by the negligence committed by the Defendants' employee in one or more of the following respects, to wit:

   a. Defendants' employee failed to exercise the highest degree of care to keep a careful lookout while operating their motor vehicle;

   b. Defendants' employee failed to exercise the highest degree of care when they failed to slow down in a proper time to avoid colliding with the passenger side of Plaintiff's vehicle;

   c. Defendants' employee failed to exercise the highest degree of care when they failed to swerve with an appropriate distance and speed to avoid collision with

3

    Plaintiff's car behind them;

    d. Defendants' employee failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have stopped, or slackened speed, or sounded a warning, but Defendants' employee failed to do so.

19. That each and all of the aforesaid acts and violations of law by the Defendants' employee, both of commission and of omission, were negligent and constituted negligence.

20. That each and all of the acts of the Defendants' employee, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

21. That as a direct and proximate result of the aforesaid acts by the Defendants' employee, both of commission and of omission, Plaintiff suffered serious, painful, and permanent injuries to his neck and back.

22. That as a direct and proximate result of the aforesaid acts by Defendants' employee, both of commission and of omission, Plaintiff became sick, sore, lame, and disordered.

23. That as a direct and proximate result of the aforesaid acts by Defendants' employee, both of commission and of omission, Plaintiff has suffered, and he will hereafter suffer physical pain and mental anguish.

24. That as a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses for said treatment.

25. That as a direct and proximate result of these injuries, Plaintiff will in the future be required to seek additional medical treatment incurring further expenses for said treatment.

26. Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

27. Plaintiff will continue to suffer pain of body and mind for so long as he lives.

WHEREFORE, Plaintiff prays for judgment against Defendant United States of America and United States Postal Service, pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq* in the amount of $1,000,000.00, together with his costs herein expended.

Respectfully Submitted,

MUTRUX FIRM L.L.C.

*/s/ R. Tyson Mutrux*
R. Tyson Mutrux, #63117
Attorney for Plaintiff
P.O. Box 66738
PMB 38300
St. Louis, MO 63166
Phone: (314)-270-2273
Fax: (314)-884-4333
blueteam@mfinjury.com